Chief Justice Garrigues and Mr. Justice Bailey concur.

---

No. 9812.

SAN LUIS VALLEY BUILDING & LOAN ASSOCIATION *v.* HOLBERT.

CONTRACTS—*Construction.* An unreasonable purpose should not be imputed to the parties.

A contract provided for the payment of $14,000 in monthly installments in satisfaction of "both principal and interest upon the unpaid part of the purchase price, to be continued" "until the same equals $14,000 with interest upon said sum from the date hereof, until payment thereof." *Held* that the first clause was controlling, and that the purchaser having complied with it was not required to pay in addition interest upon the principal of $14,000.

*Error to Alamosa District Court, Hon. Jesse C. Wiley, Judge.*

*Application for Supersedeas.*

Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. J. D. PILCHER and Mr. CHARLES H. WOODARD, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

DEFENDANT in error, having purchased property which his vendor held under a contract of sale with the plaintiff in error, on which a part of the purchase price had not been paid, brought suit to compel the acceptance of a balance theretofore tendered to said association, and refused

by it.   The defendant claimed that the amount tendered was too small.   The court found for the plaintiff, and entered judgment accordingly.

The only question which we are asked to consider is that of the amount due on the contract at the time of the tender. Provision for payment of the purchase price of $15,000.00 was as follows: "One Thousand ($1,000) Dollars at the time of the signing, ensealing and delivery of this agreement, the receipt of which said sum of One Thousand ($1,000) Dollars is hereby confessed and acknowledged, and the remaining Fourteen Thousand ($14,000) Dollars, in equal monthly installments of One Hundred and Seventy-six Dollars and Sixty-six and Two-thirds Cents ($176.66 2/3), payable on the 15th day of each and every month during the life hereof, beginning with the current month, it being understood and agreed that the said sum of One Hundred Seventy-six ($176.00) Dollars and Sixty-six and Two-thirds (66 2/3) Cents per month is in payment of both principal and interest upon the unpaid part of the purchase price of the premises hereinbefore described, and that such monthly payments shall continue to be made by the party of the second part to the party of the first part until the same equals the sum of Fourteen Thousand ($14,000) Dollars together with interest upon said sum of money from the date hereof until the payment thereof at the rate of Eight (8) per centum per annum."

Counsel for plaintiff in error contends that this requires the payment each month of interest on $14,000.00 regardless of what may have been paid upon said principal sum.   The judgment allows interest, each month, on the principal sum after deducting all payments made thereon.   Counsel's contention is based upon the words "with interest upon said sum of money from the date hereof until payment thereof at the rate of eight per centum per annum."   Interest, he says, is to be computed monthly on "said sum" which is $14,000.00.   If the parties had so intended they would, naturally, have provided that $83.33 1/3 be applied on the principal, and $93.33 1/3 on interest, each month, there

being on counsel's theory, no variation from month to month, in the amounts to be applied on principal and interest, respectively.

The contract must be construed as a whole, and no unreasonable intent should be imputed to the parties. It would require very clear and express provisions in such a contract to justify the conclusion that the vendee agreed to pay eight per cent interest on the principal sum, regardless of the amount by which it had been reduced. In the paragraph quoted it is agreed that the $176.66 2/3 per month, is, in part, in payment of "interest on the *unpaid* part of the purchase price." The unpaid part of the price, which is to be the basis for computing the interest, is that price less the total paid thereon.

This construction is not in conflict with that part of the contract upon which plaintiff in error relies. It makes the agreement reasonable and fair, and is, we think, according to the intent of the parties. The court did not err in its interpretation of the agreement.

Inasmuch as the plaintiff tendered the amount due, before there was any default in payment, there was no forfeiture, and the court rightly denied relief under defendant's counter-claim.

The judgment is affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.